UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VINCENT WHITE

VS.                                                                 C.A. 18-689-JJM-PAS

AUTO PARTS GROUP SOUTHWEST, LLC,
d/b/a PICK-N-PULL

**AMENDED COMPLAINT**

1.　The Plaintiff Vincent White is a resident of the Town of North Providence, County of Providence, State of Rhode Island.

2.　The Defendant is Auto Parts Group Southwest, LLC, d/b/a Pick-N-Pull in Cumberland Rhode Island, with its corporate office located in Rancho Cordova, CA.

3.　Defendant employed Plaintiff at their place of business in Cumberland, Rhode Island establishing venue herein in the County of Providence, in the State of Rhode Island per R.I.G.L. § 9-4-4.

4.　The Plaintiff is an African American hired by the Defendant on January 12, 2015 as a Production Crew member to be trained to perform various jobs and worked in that capacity until he was terminated on December 28, 2015.

5.　The Plaintiff did not receive any training and was required to work in the retail portion of the business as a greeter; additionally, he would change out batteries; clean rims; perform setting of rows; degarbage cars; work in the crusher area; work with tires and perform general clean up.

6.　Plaintiff was denied a uniform by the Store manager, James Panault, for more than five (5) months while Caucasians were given a uniform if not immediately, within a week of their hire.

1

7.  When Plaintiff inquired about his uniform, he was told he had to finish probation, the probationary period was ninety (90) days, he started in January and didn't receive his uniform until May.

8.  Plaintiff was told by a co-worker that he didn't receive a uniform because they didn't expect Plaintiff to last at the job.

9.  Plaintiff was given less time to degarbage cars than Caucasions who performed the same task. Plaintiff was given ten minutes to perform the task on each car whereas Caucasions were given fifteen to twenty minutes per car. Caucasions were also able to work in groups degarbaging cars, whereas often performing this task, and others, Plaintiff was required to work alone.

10. Between January 2015 and until December 2015, Defendant Auto Parts Group Southwest, LLC, d/b/a Pick-N-Pull, caused and allowed Plaintiff to be treated in a discriminatory manner, specifically, because of his race, Plaintiff was subjected to name calling, more specifically being called "tarzan", "banana boy" and "nigger" and rude and inappropriate behavior, more specifically lewd comments about the Charlston shooting and inferences about blacks liking Lincolns and Caddies.

11. When Plaintiff brought his concern about the aforementioned behavior and comments to his superiors, he was told there was a no whistle blowing policy.

12. Plaintiff also noted that a coworker Jessica checked the ID's of blacks making purchases with debit cards, but not with Caucasian's.

13. Plaintiff told shop manager, Brian Trible when he was hired that he has a psychiatric disability and has to meet with a psychiatric case worker and regular case worker every two weeks, Plaintiff was told not a problem.

14. On March 30, 2015, Plaintiff told shop manager, Brian Trible and store manager, Jim Pinault, that he needed to work thirty-two (32) hours each week in May so he could move from a shelter to an apartment and qualify for a HUD voucher.

15. Plaintiff was transferred back to production from sales, which meant he was not eligible for thirty-two (32) hours of work a week jeopardizing a condition of his homeless veteran program placement required by Veterans Affairs.

16. Plaintiff was told there was nothing that could be done, that two weeks notice would be appreciated if he decided to leave and he was instructed to take the points, so Plaintiff did.

17. Plaintiff was written up for everything, he was isolated and was made to work alone when a safety partner is supposed to be present at all times.

18. Plaintiff was advised by Jim Pinault to take points as a solution to taking time off for his doctor visits but was not informed that consecutive or repeated absences would involve human resources whom was not aware of the situation.

19. Plaintiff was misled and set up to be fired.

20. Plaintiff was watched daily as if her were stealing and felt targeted by Jim Pinault.

21. Plaintiff has been subjected to an objectively and subjectively hostile work environment at the hands of the store manager, Jim Pinault and shop manager, Brian Trible despite informing both of his circumstances upon his hire.

## COUNT I
## CIVIL RIGHTS ACT OF 1866
## HOSTILE WORK ENVIRONMENT -RACIAL DISCRIMINATION

23. The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

24. The action of Defendant to harass and perpetuate harassment against Plaintiff deprived Plaintiff from the right to make and enforce his contract of employment and to have the full and

equal benefit of all laws as is enjoyed Caucasian American citizens, as described above and to be further proved at trial, because of his race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

25. These discriminatory actions and inactions of Defendant were committed intentionally and, are a direct, legal and proximate result of this discriminatory conduct; Plaintiff has suffered significant financial loss, severe emotional distress and other injuries to be proved at trial.

26. Accordingly, Plaintiff seeks compensatory, punitive and other damages and expenses allowed by law against Defendant in an amount to be proved at trial.

27. Plaintiff further seeks all available declaratory and equitable relief against Defendant and for Plaintiff, as appropriate.

## COUNT II
## CIVIL RIGHTS ACT OF 1866
## DISPARATE TREATMENT IN TERMS AND CONDITIONS OF EMPLOYMENT
## RACIAL DISCRIMINATION

28. The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

29. Defendant either directed racially derogatory comments toward Plaintiff, or allowed their employees to direct racially derogatory comments toward Plaintiff knowing his race. Further, Plaintiff throughout employment with Defendant, repeatedly opposed discrimination made unlawful under 42 U.S § 1981 yet, because of Defendant's discriminatory harassment on the basis of racial discrimination against, was deprived of harmonious working relationships with his non-African American co-workers and ultimately terminated wrongfully.

30. The actions and inaction of the Defendant denied Plaintiff the right to work free from racial harassment and to otherwise make, enforce, and enjoy the benefits of his contract of employment and to have the full and equal benefit of all laws without the burden caused by Defendant's racial harassment and discrimination, as described above and to be proved to a jury at trial, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

31. These discriminatory actions and inactions of Defendant were committed intentionally and as a direct, legal and proximate result of this discriminatory conduct, Plaintiff has suffered significant financial loss, severe emotional distress and other injuries to be proved at trial.

32. Defendant's conduct was carried out by and with the knowledge of upper management and willful, deliberate, and in conscious derogation of Plaintiff's federally protected rights such that an award of punitive damages is appropriate.

33. Accordingly, Plaintiff seeks compensatory, punitive and other damages and expenses allowed by law against Defendant in an amount to be proved at trial.

4

34. Plaintiff further seeks all available declaratory and equitable relief against Defendant and for Plaintiff, as appropriate.

## COUNT III
## PUNITIVE DAMAGES

35. The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

36. Defendant engaged and continued to engage in discriminatory and unlawful conduct with malice or with a reckless indifference to the rights protected by Federal law. Defendant's actions were willful, deliberate, and showed a conscious disregard for the harm caused to others, including Plaintiff, or, alternatively, showed a conscious desire to inflict such harm.

37. Accordingly, Plaintiff is entitled to punitive damages.

## COUNT IV
## ATTORNEYS' FEES AND COSTS

38. The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

39. The misfeasance and wrongful conduct of Defendant evidences such bad faith, and vexatiousness and was carried out with such conscious and reckless disregard of the rights of Plaintiff that such conduct on the part of Defendant entitles Plaintiff to recover his reasonable costs and expenses, including, but not limited to, attorneys' fees, incurred in connection with this action.

40. Plaintiff is therefore entitled to recover his reasonable attorneys' fees and other costs of litigation pursuant 42 U.S.C. Section 1988, in an amount to be proved at the time of trial.

41. All conditions precedent to bringing this Count have been completed, perfected and/or waived.

## COUNT V
## DISCRIMINATION AND HOSTILE ENVIRONMENT BASED ON RACE IN VIOLATION OF STATE LAW – R.I.G.L § 42-112-1

42. The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

43. This is a claim by the Plaintiff against the Defendant which incorporates all facts previously stated herein.

44. The foregoing actions of Defendant discriminated against Plaintiff because of his race/color in violation of R.I.G.L. §§42-112-1, *et seq.* in his termination and conditions of work

5

environment.

## PRAYER FOR RELIEF

WHEFORE, PLAINTIFF prays that this Court:

    (a)    Take jurisdiction of this matter and declare Plaintiff's rights under the laws violated by Defendant;
    (b)    Permanently enjoins Defendant from further unlawful conduct;
    (c)    Award Plaintiff compensatory damages, including without limitation, all back pay, benefits, and other forms of compensation lost as a result of Defendant's unlawful conduct;
    (d)    Award Plaintiff front pay as is just, equitable and appropriate;
    (e)    Award Plaintiff other nominal, general, special and consequential damages incurred as a result of Defendant's conduct;
    (f)    Award Plaintiff prejudgment and post-judgment interest;
    (g)    Award Plaintiff punitive damages;
    (h)    Award Plaintiff his costs and expenses of this action, including reasonable attorney fees as authorized by law;
    (i)    Grant a trial by a jury of twelve persons; and
    (j)    Award such other and further legal and equitable relief as will effectuate the purposes of law, or as the Court deems just and proper.

                                Respectfully submitted,
                                Plaintiff
                                By His Attorneys,

                                */s/ Sonja L. Deyoe*
                                _____
                                Sonja L. Deyoe, #6301
                                Law Offices of Sonja L. Deyoe
                                395 Smith Street
                                Providence, RI 02908
                                (401) 864-5877
                                sld@the-straight-shooter.com